Prentis B. TOMLINSON, Jr., Plaintiff,

v.

STAIR & COMPANY, Defendant.

Civil Action No. H–96–1191.

United States District Court.
S.D. Texas.
Houston Division.

April 14, 1997.

John L. Dagley, Houston, TX, for Plaintiff.

Billy Shepherd, Houston, TX, for Defendant.

Opinion on Dismissal for Want
of Jurisdiction

HUGHES, District Judge.

1. *Introduction.*

Fourteen years after buying an antique bookcase in New York, the buyer sued the

dealer in Texas for fraud, claiming he had just discovered a defect that significantly diminishes its value. Because the connection between the dealer and Texas was evanescent and ancient, this court does not have jurisdiction over the dealer. Because the buyer was truculent in his refusal to disclose evidence supporting his claim of jurisdiction, discovery, and loss, the case will not be transferred to New York; it will be dismissed.

## 2. Background.

Stair & Company is an antique dealer in New York City. Its charter is from New York, and its principal office is in New York. In 1981, Prentiss Tomlinson lived in Texas, but he was in New York when he bought the bookcase. Although he makes much of Stair's advertising in Sotheby catalogues, which are distributed world-wide, Tomlinson was not enticed to New York or to Stair & Company by Stair's advertising.

Tomlinson paid $165,000, and Stair shipped the bookcase to Texas. At the time Tomlinson says he discovered the defect, the bookcase was apparently in Tomlinson's house in Brookline, Massachusetts, according to an insurance policy. The defect was discovered when Tomlinson offered the bookcase for sale through Sotheby in 1995. At the time of the discovery, the bookcase was in New York.

Before Tomlinson decided to buy the bookcase for $165,000, Stair had represented to him that the *Chinoiserie* decoration on the bookcase was original, having been the decoration applied when it was built about 1740. Tomlinson says he would not have bought the item at that price without the decoration's being original.

Tomlinson says he first discovered that the decoration was not original during his attempt to sell it in 1995 with the same description that Stair had used for it in 1981.

Stair has not denied that its terms of sale included the specification that the decoration was original. Tomlinson has no evidence that Stair knew that the eighteenth century decoration had been retouched later, and Stair has denied knowing.

## 3. Claims.

In his complaint and amended complaint, Tomlinson describes about one-half of the facts of the transaction and then asserts fraud and deceptive trade practices. Stair immediately moved to dismiss for want of jurisdiction, and Stair insisted on it jurisdictional attack at every opportunity, although it did indulge the court in engaging in settlement negotiations subject to its motion.

## 4. Personal Jurisdiction.

■ The exercise of judicial power requires a connection between the defendant and the territory of the court's authority that has an intensity and duration making it reasonable for a court to act in the dispute without offending historic conceptions of fair process and meaningful substance. The steps of the analysis are:

A. General jurisdiction to adjudicate derived from indirectly affiliating circumstances between the forum and the affected persons.

(1) Assets within the jurisdiction (tangibles stronger than intangibles).

(2) Continuous relations, events, or transactions

(3) Legal persons whose activities are unconnected with the forum except by corporate formality.

B. Specific jurisdiction to adjudicate derived from directly affiliating circumstances between the forum and the affected persons or controversy.

(1) The existence of an agreement to use a particular forum or process.

(2) Direct, objective effects in the forum caused by the defendant's act other than ordinary economic consequences.

(3) Matters needing unified administration.

■ Courts in Texas do not have general jurisdiction over Stair. *See International Shoe Co., v. Washington*, 326 U.S. 310, 315–17, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) (continuous and systematic contacts); *Heli-*

*copteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Stair has no office or agent in Texas. It has no license from Texas. Its only contact with the state was shipping the bookcase to Tomlinson in Texas and advertising in Sotheby's catalogue.

 Courts in Texas do not have specific jurisdiction over Stair. Tomlinson says that a Texan's buying a misrepresented bookcase from an antique store in New York is parallel to his being shot across the Red River from Oklahoma. If a Texan is sheared by New Yorkers in New York, the injury is done in New York even if he does not notice the shearing until a blue norther fourteen years later.

Merely shipping goods in interstate commerce-much less advertising by mail—is not an act in the state of delivery. *See e.g., World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 , 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *e.g., H. Heller & Co. v. Novacor Chemicals Ltd.,* 726 F.Supp. 49 (S.D.N.Y. 1988), *aff'd,* 875 F.2d 856 (2d Cir.1989) ("mere solicitation" is not doing business); *Arrow Trading Co. v. Sanyei Corp. (H.K),* 576 F.Supp. 67 (S.D.N.Y.1983); von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis,* 79 HARV.L.REV. 1121 (1966).

### 5. *Transfer.*

 This court has no incentive to transfer this dispute to the Southern District of New York. While it appears that Stair misrepresented the actual condition of the bookcase, Tomlinson offers nothing suggesting that Stair knew of the restoration at the time of sale. Assuming that Stair did know, a prudent buyer would have investigated the character of an exotic antique within a reasonable time after buying it. Tomlinson denies he did. Stair had no contact with Tomlinson after the sale so it could not have prevented his discovering the facts. Fourteen years is too long for unimpeded discovery of the exterior condition of a show-piece of furniture.

Equity compels that the case not be transferred because Tomlinson has failed to disclose requested documents to support Stair's liability, although he has had ample time. On October 30, 1996, the court ordered Tomlinson "immediately" to produce information on insurance and title to the bookcase. By January 10, 1997, a single page of an insurance policy had been produced—an insurance renewal summary for coverage on a residence in Massachusetts for the year 1993–1994. This is the year before the defect was discovered. Apparently the bookcase was physically outside the state of Texas for much of, the time, reducing the already ephemeral connections between this dispute and Texas.

### 6. *Conclusion.*

This court cannot exercise jurisdiction over Stair. This court will not transfer the dispute elsewhere. The case will be dismissed for want of jurisdiction.